IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EQUIPMENT ACQUISITION RESOURCES, INC., | ) ) | |
| Debtor. | ) | Bk. No. 09 B 39937 |
| | ) | Chapter 11 |
| | ) | Hon. John H. Squires |
| EQUIPMENT ACQUISITION RESOURCES, INC., | ) ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 10-00099 |
| | ) | |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, | ) ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' ANSWER

Defendant United States of America, named and sued as United States of America, Internal Revenue Service, responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The adversary complaint is deficient under Fed. R. Civ. P. 8 and 9, and fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Count II of the adversary complaint is barred by the sovereign immunity of the United States of America.

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over Count II of the adversary complaint.

- 2 -

### FOURTH DEFENSE

The adversary complaint must be dismissed to the extent that it was commenced after the applicable statute of limitations.

### FIFTH DEFENSE

To the extent that Plaintiff prevails on the adversary complaint, the United States is entitled to restitution.

### SIXTH DEFENSE

Plaintiff cannot recover from the United States, as the Internal Revenue Service was not the initial transferee, but rather at most, an immediate or mediate transferee who took for value, in good faith, and without knowledge of the voidability of the transfer.

### SEVENTH DEFENSE

The Internal Revenue Service is not a sueable entity.

### EIGHTH DEFENSE

The Debtor is an S Corporation under the Internal Revenue Code and the payments at issue were made in the ordinary course of business to pay the tax attributable to pass-through items.

### NINTH DEFENSE

To the extent that the United States is an initial transferee (which is not admitted but disputed), it would be more appropriate or equitable to hold the taxpayer for whose benefit the transfer was made, or an immediate or mediate transferee, liable.

### TENTH DEFENSE

For its tenth defense, Defendant responds to each of Plaintiff's allegations as follows:

- 3 -

1.      On or about October 23, 2009, the Debtor filed a Voluntary Petition (the "Petition") under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Illinois.  The Debtor is an Illinois Corporation, organized and existing under the laws of the state of Illinois, which formerly operated in several buildings near its headquarters at 555 S. Vermont Street, Palatine, Illinois.

**ANSWER:**     Admits the allegations contained in the first sentence of paragraph 1, and lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence.

2.      The IRS is a federal governmental unit with its principal office located, on information and belief, at 500 North Capitol Street NW, Washington, DC 20226.  The IRS also has a branch in Chicago, Illinois located at 230 S. Dearborn Street, Chicago, IL 60604.

**ANSWER:**     Admits that the Internal Revenue Service is a bureau within the United States Department of Treasury and has offices at the addresses alleged, and denies the remaining allegations contained in paragraph 2.

## II.     JURISDICTION AND VENUE

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and internal operating procedure 15(a) of the Federal District Court for the Northern District of Illinois because this action is related to the underlying bankruptcy case of Equipment Acquisition Resources, Inc. which is pending before this Court and is a civil proceeding arising under § 548 the United States Bankruptcy Code.  This Court also has jurisdiction over this

- 4 -

adversary proceeding pursuant to Section 105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001(1).

**ANSWER:**   Defendant admits that, if this Court has jurisdiction, it arises under 28 U.S.C. §§ 157 and 1334, and internal operating procedure 15(a) of this district court, and denies the remaining allegations contained in paragraph 3.

4.    This is a core proceeding under 28 U.S.C. § 157.  If for any reason this court determines that all or any portion of this proceeding is non-core, the Debtor consents to the entry of a final order by this Court.

**ANSWER:**   Defendant admits that an action under 11 U.S.C. §§ 548 and 550 is a core proceeding under 28 U.S.C. § 157(b)(2)(H) and that Plaintiff consents to entry of final orders and judgments by the bankruptcy judge for non-core proceedings, and denies the remaining allegations contained in paragraph 4.

5.    The chapter 11 bankruptcy case is pending before this Court.  Accordingly, venue of this adversary proceeding is proper in this Court under 28 U.S.C. § 1409(a).

**ANSWER:**   Admits the allegations contained in paragraph 5.

### III.   BACKGROUND FACTS

6.    Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its financial affairs as a debtor in possession.  No trustee, examiner or committee has been appointed in its chapter 11 case.

- 5 -

**ANSWER:**   Admits the allegations contained in paragraph 6.

7.    Prior to commencement of its chapter 11 case, the Debtor purported to be a market maker in the semiconductor manufacturing equipment sales and servicing industry.  The Debtor also purported to perform processing services for companies in the semiconductor industry.

**ANSWER:**   Lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7.

8.    In the period from at least September, 2007 until October 8, 2009, the Debtor engaged in a massive fraud by which it sold equipment at inflated prices and leased the equipment back from various lenders.  The Debtor misrepresented the value of the equipment and pledged certain equipment multiple times to secure the financing.  During this period of time, one or more of the officers, directors, and shareholders of the Debtor knew that the Debtor was engaged in the fraud, and knew that the Debtor was, in effect, not a real, functioning company.  On information and belief, the Debtor paid substantial amounts of money to its board of directors and officers during this time.

**ANSWER:**   Lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8.

9.    On October 8, 2009, after it became apparent that the Debtor engaged in fraudulent activity, the members of the Debtor's board of directors and its officers, including Donna Malone ("Malone") and Mark Anstett ("Anstett"), resigned.  The shareholders elected William

- 6 -

A. Brandt, Jr. as the sole member of the board of directors and as the Chief Restructuring Officer (the "CRO"). The CRO filed the bankruptcy petition to manage the Debtor's assets for the benefit of all creditors.

**ANSWER:** Lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9.

10. The CRO's investigation has determined that on nine occasions from October 15, 2007 until December 3, 2008, the Debtor made transfers to the United States Treasury to pay taxes of individual owners and officers of the Debtor, including but not limited to Sheldon Player, Malone and Anstett, along with Anstett's wife. The aggregate amount of the payments was $4,737,261.36. Exhibit A to this Complaint sets forth the $2,412,973.36 of payments made within the two year period prior to the bankruptcy filing. Exhibit B to the Complaint sets forth one payment, in the amount of $2,324,288.00, made on October 15, 2007, just outside the two year period.

**ANSWER:** Admits that Exhibit A is attached to the Complaint and that it includes a document entitled "Transfers within two years prior to bankruptcy filing." Admits that Exhibit B is attached to the Complaint and that it includes a document entitled "Transfers between two years and four years prior to the bankruptcy filing." Admits that a payment of $97,293.87 was made to the Internal Revenue Service on April 15, 2008 for Anstetts' account for the 2007 federal income tax year. Admits that a payment of $446,750.96 was made to the Internal Revenue Service on April 15, 2008 for Player's and Malone's account for the 2007 federal income tax year. Admits that a payment of $22,293.87 was made to the Internal Revenue

- 7 -

Service on April 18, 2008 for Anstetts' account for the 2008 federal income tax year.  Admits that a payment of $25,000.00 was made to the Internal Revenue Service on June 23, 2008 for Anstetts' account for the 2008 federal income tax year.  Admits that a payment of $25,000.00 was made to the Internal Revenue Service on September 14, 2008 for Anstetts' account for the 2008 federal income tax year.  Admits that a payment of $136,280.95 was made to the Internal Revenue Service on October 20, 2008 for Anstetts' account for the 2007 federal income tax year.  Admits that a payment of $1,652,646.00 was made to the Internal Revenue Service on October 19, 2008 for Player's and Malone's account for the 2007 federal income tax year.  Admits that a payment of $7,707.71 was made to the Internal Revenue Service on December 8, 2008 for Anstetts' account for the 2007 federal income tax year.  Admits that a payment of $2,324,288 was made to the Internal Revenue Service on October 21, 2007 for Player's and Malone's account for the 2006 federal income tax year.  Lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11.     The Debtor did not receive any value for making the payments contained on Exhibit A and Exhibit B.  Only Player, Malone, Anstett, and Anstett's wife received any benefit from the Debtor making those payments.

**ANSWER:**     Denies the allegations contained in paragraph 11.

### COUNT 1
### (Fraudulent Transfer - 11 U.S.C. §§ 548 and 550)

1-11.   The Debtor restates and realleges Paragraphs One (1) through Eleven (11) of the Allegations Common to All Counts as Paragraphs One (1) through Eleven (11) of this Count I.

**ANSWER:**     Defendant incorporates herein its answers to paragraphs 1 through 11, above.

- 8 -

12. The transfers identified on Exhibit A were made by the Debtor to the IRS through the U.S. Treasury within the two year period prior to the Debtor's bankruptcy filing.

**ANSWER:** Admits that payments identified on Exhibit A were made within the two year period prior to the commencement of the Debtor's bankruptcy case, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13. The Debtor received less than reasonably equivalent value for the transfers identified on Exhibit A.

**ANSWER:** Denies the allegations contained in paragraph 13.

14. On the dates of the transfers listed on Exhibit A, the Debtor either was insolvent, or was engaged in a business for which any property remaining with the Debtor was unreasonably small capital, or intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

**ANSWER:** Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14.

15. The Debtor is entitled to avoid the transfers on Exhibit A pursuant to 11 U.S.C. § 548(a)(1)(B) and recover those transfers pursuant to 11 U.S.C. § 550.

**ANSWER:** Denies the allegations contained in paragraph 15.

- 9 -

## COUNT II
### (Fraudulent Transfer - 11 U.S.C. § 544 and 740 ILCS 160/5(a)(2))

1-15.   EAR re-alleges paragraph 1-15 of the Allegations Common to All Counts as paragraphs 1-15 of this Count II.

**ANSWER:**   Defendant incorporates herein its answers to paragraphs 1 through 15 above.

16.   The transfers on Exhibit A and B were made by the Debtor to the IRS through the U.S. Treasury within a four year period prior to the Debtor's bankruptcy filing.

**ANSWER:**   Admits that payments identified on Exhibits A and B were made within the four year period prior to the commencement of the Debtor's bankruptcy case, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 16.

17.   The Debtor did not receive reasonably equivalent value in exchange for the transfers identified on Exhibits A and B.

**ANSWER:**   Denies the allegations contained in paragraph 17.

18.   The Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.  In the alternative, the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due.

**ANSWER:**   Lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18.

- 10 -

19.     Pursuant to 11 U.S.C. § 544(b), the Debtor may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of Chapter 11 of the United States Code or that is not allowable only under section 502(e) of Chapter 11 of the United States Code.

**ANSWER:**     Denies the allegations contained in paragraph 19.

20.     The Debtor may avoid the transfers identified on Exhibit A and B pursuant to 11 U.S.C. § 544 (b) and the Illinois Fraudulent Transfer Act, 740 ILCS 160/5(a)(2).

**ANSWER:**     Denies the allegations contained in paragraph 20.

- 11 -

WHEREFORE the Defendant United States of America demands judgment dismissing Plaintiff's action, and such other and further relief as the court deems just and proper, and its costs in the action.

Respectfully submitted,

JOHN A. DiCICCO
Acting Assistant Attorney General
Tax Division

*/s/ Patrick B. Gushue*
PATRICK B. GUSHUE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6010
Email: Patrick.B.Gushue@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' ANSWER has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 24th day of March, 2010:

>Barry A. Chatz
>George P. Apostolides
>Robert A. McKenzie
>Arnstein & Lehr LLP
>120 S Riverside Plaza
>Suite 1200
>Chicago, Illinois 60606

>/s/ Patrick B. Gushue
>PATRICK B. GUSHUE
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 307-6010